IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DAVID MICHAEL BRADLEY, GS-4862, )
     Petitioner, )
                             )
             v. )  2:12-cv-1218
                             )
SUPERINTENDENT DEBRA SAUERS, )
et al., )
     Respondents. )


REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the Commonwealth's Motion to Dismiss the petition of David Michael Bradley for a writ of habeas corpus (ECF No.11) be granted and because reasonable jurists could not conclude that a basis for habeas corpus relief exists, that a certificate of appealability be denied.

II.  Report:

David Michael Bradley, an inmate at the State Correctional Institution-Forest, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Bradley is serving life plus a consecutive ten to twenty year sentence imposed following his conviction by the court of second degree murder, aggravated assault and firearms violations at Nos. CP-02-CR-2043-2005 and CP-02-CR-4586-2005 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on June 26, 2006.[1]

As appeal was taken to the Superior Court which Court on February 12, 2008, affirmed the judgment of sentence.[2] Leave to appeal was denied by the Pennsylvania Supreme Court on August 22, 2008.[3]

---

[1]  See: Petition at ¶¶ 1-6 of the Petition.
[2]  See: Petition at ¶ 9 and Exhibit 7 to the Answer.
[3]  See: Petition at ¶ 9(g) and Exhibit 10 to the Answer.

On August 10, 2009, Bradley filed a post-conviction petition.[4] Relief was denied on November 16, 2010.[5]An appeal was taken to the Superior Court which Court on June 22, 2011 affirmed the denial of post-conviction relief.[6] Leave to appeal was denied by the Pennsylvania Supreme Court on January 18, 2012.[7]

The instant petition was executed on August 20, 2012 (ECF No.7 p.16). In the petition, Bradley contends he is entitled to relief on the following grounds:

1. Trial counsel was ineffective in failing to conduct a reasonable pre-trial investigation by failing to interview Amber Lawson and Anthony Lawson, two possibly exculpatory eyewitnesses. Amber and Anthony Lawson could have presented exculpatory testimony as to Petitioner's burglary charge. Counsel's failure to interview and produce said witnesses constitutes prejudicially deficient performance in violation of petitioner's constitutional right to the effective assistance of counsel under the Sixth and Fourteenth Amendments.

2. Trial counsel was ineffective in fraudulently inducing petitioner to waive his right to a jury trial. Counsel informed petitioner that he was a friend of the trial judge, and that going non-jury would bring forth a favorable verdict. Petitioner avers that he would have elected to pick a jury of his peers if not for counsel's promises of a favorable verdict. Counsel's actions involved deceit, fraud and dishonesty, which is in violation of petitioner's constitutional rights under the Sixth and Fourteenth Amendments.

3. Trial counsel was ineffective in failing to meet with petitioner and adequately prepare for trial. Counsel, after appointment, visited petitioner two times and failed to discuss strategy for trial and failed to answer petitioner's inquiries as to the manner in which he was prepared to proceed.

4. Petitioner is entitled to habeas corpus relief because of the cumulative prejudicial effect of trial counsel's ineffective assistance. Petitioner avers that each of his ineffective assistance of counsel claims are sufficiently prejudicial to merit habeas relief.[8]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[4] See: Petition at ¶11(a) and Exhibit 11 to the Answer.
[5] See: Exhibit 16 to the Answer.
[6] See: Exhibit 20 to the answer of the Commonwealth.
[7] See: Exhibit 23 to the answer of the Commonwealth.
[8] See: Petition at ¶ 12.

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on August 22, 2008 and certiorari was not sought. For this reason, his conviction became final on November 20, 2008 when the time in which to petition for a writ of certiorari expired. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until August 10, 2009 or 263 days after his conviction became final. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on June 22, 2011, and leave to appeal to the Pennsylvania Supreme Court was denied on January 18, 2012. The instant petition was executed on August 20, 2012 or 215 days after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, a total of 478 days elapsed which is far in excess of the one year period in which to seek relief expired. Since there is no sound basis set forth for equitable tolling of this time limitations in either the petition or the petitioner's January 1, 2013 response to the motion the instant petition is time barred. [9]

---

[9] In his response, the petitioner points to a letter from his former attorney informing him of the exhaustion of his state court remedies and representing that while "I do not practice in the Federal Courts … I believe you have one

Accordingly, it is respectfully recommended that the Commonwealth's Motion to Dismiss the petition of David Michael Bradley for a writ of habeas corpus (ECF No.11) be granted and because reasonable jurists could not conclude that a basis for habeas corpus relief exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: January 9, 2013                                          United States Magistrate Judge

---

year from the denial of the PAA to file for relief" in federal court. While this information is wrong, it also appears that the attorney was informing the petitioner that he did not practice in federal court and was merely expressing his belief that Bradley had one year to file his petition here. It is clear that despite the caveat in this information, the petitioner made no effort to verify its veracity. See: Lawrence v. Florida, 549 U.S. 327 (2007), 336-337("attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").