IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MICHAEL BRADLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs | ) | Civil Action No. 12-1218 |
| | ) | Judge McVerry |
| SUPERINTENDENT DEBRA SAUERS, et al., | ) | Magistrate Judge Mitchell |
| | ) | |
| Respondents. | ) | |

I.    Recommendation

It is respectfully recommended that the motion for relief pursuant to Rule 60(b)(6) filed

by the petitioner (ECF No. 26) be dismissed.

II.    Report

Petitioner, David Michael Bradley, submitted a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 on August 24, 2012.  On November 14, 2012, Respondents filed a

motion to dismiss, in which they argued that the petition should be dismissed as time barred.  On

January 9, 2013, a Report and Recommendation (R&R) was filed, recommending that the motion

be granted (ECF No. 16).  Objections were filed, but on January 29, 2013, the Court filed a

Memorandum Order which adopted the R&R, granted the motion to dismiss and denied a

certificate of appealability (ECF No. 18).

Petitioner filed a notice of appeal (ECF No. 20), but on May 20, 2013, the Court of

Appeals denied him a certificate of appealability (ECF No. 24).

On March 24, 2016, Petitioner filed a motion for relief under Rule 60(b)(6) of the Federal

Rules of Civil Procedure.  For the reasons that follow, the motion should be dismissed.

Analysis

The R&R noted that Petitioner's conviction became final on November 20, 2008, when

the time for file a writ of certiorari from the United States Supreme Court following the Pennsylvania Supreme Court's denial of his request for leave to appeal on August 22, 2008. He filed for post-conviction relief on August 10, 2009, which was untimely. The petition was denied, the denial of post-conviction relief was affirmed by the Pennsylvania Superior Court on June 22, 2011 and leave to appeal to the Pennsylvania Supreme Court was denied on January 18, 2012. Thus, his petition, filed 478 days after his conviction became final, was untimely. 28 U.S.C. § 2244.

Petitioner cites the recent Supreme Court case of Montgomery v. Louisiana, 136 S.Ct. 716 (2016), contending that it stands for the proposition that "an unconstitutional conviction or sentence [cannot] stand as the reason(s) for a prisoner to remain confined." That is, he appears to be arguing that otherwise procedurally barred claims (such as those that are untimely) that raise constitutional questions are now excused pursuant to Montgomery. However, the Supreme Court's holding in Montgomery was that the Court's prior decision in Miller v. Alabama, 132 S.Ct. 2455 (2012), that mandatory life sentences without parole for juvenile offenders announced a new substantive constitutional rule that was retroactive on state collateral review. Petitioner, who was born on October 16, 1962, was 42 years old and not a juvenile at the time he committed his offense on January 12, 2005. Thus, neither Miller nor Montgomery is relevant to his case.

Rule 60(b) allows a court to relieve a party from a final judgment, order or proceeding based on, inter alia, "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). In Gonzalez v. Crosby, 545 U.S. 524 (2005), the question presented was whether, in a habeas case, Rule 60(b) motions are subject to the additional restrictions that apply to "second or successive habeas corpus petitioner under [AEDPA]…" and concluded, "a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim … such a pleading, although labeled

a Rule 60(b) motion, is in substance a successive habeas petition and should be treated

accordingly." 545 U.S. at 531. The Court stated that:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in <u>Harris [v. United States</u>, 367 F.3d 74 (2d Cir. 2004)], will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits,[4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.[5]
>
>> [4]The term "on the merits" has multiple usages. <u>See, e.g.</u>, <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.
>>
>> [5]Fraud on the federal habeas court is one example of such a defect. <u>See generally</u> <u>Rodriguez v. Mitchell</u>, 252 F.3d 191, 199 (C.A.2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, <u>see, e.g.</u>, <u>supra</u>, at 2647, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

<u>Id.</u> at 532.

In <u>United States v. Doe</u>, 810 F.3d 132, 152 (3d Cir. 2015), the Court observed that

petitioner's diligence is an "important factor" in differentiating a true 60(b) motion from a

successive habeas petition. In addition, to warrant relief from a judgment under Rule 60(b)(6),

"extraordinary circumstances" must be demonstrated. <u>Gonzalez</u>, 545 U.S. at 535. Finally, the

Court in <u>Gonzalez</u> held "that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." <u>Id.</u> at 538.  Respondents contend that, in his instant motion, Petitioner seeks to reassert new substantive arguments that his post-conviction petition was wrongly dismissed and not that "a defect in the integrity of the federal habeas proceedings occurred." In addition, they contend that the petition fails to present "extraordinary circumstances" that would justify relief. Respondents are correct and Petitioner's present Rule 60(b)(6) motion based on <u>Montgomery</u> should be treated as a successive § 2254 petition and cannot be considered by this Court without prior authorization by the Court of Appeals.

For all the reasons cited above, it is recommended that the motion for relief pursuant to Rule 60(b)(6) filed by the petitioner (ECF No. 26) be dismissed.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by July 12, 2016.  Any party opposing the objections shall file a response by July 26, 2016.  Failure to file timely objections will waive the right of appeal.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Date: June 28, 2016

cc:    David Michael Bradley
       GS-4862
       SCI Forest
       PO Box 945
       Marienville, PA 16239